**Quiser Ali KHAN, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–60270

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 26, 2007.

George Jay Prappas, Prappas & Associates, Houston, TX, for Petitioner.

---

Thomas Ward Hussey, Director, Linda Susan Wendtland, Saul Greenstein, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Karen G. Gregory, Trey Lund, U.S. Immigration and Customs Enforcement Field Office Director, Carl Perry, New Orleans, LA, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Petitioner Quiser Ali Khan, a native and citizen of Pakistan, petitions for review of the decision of the Board of Immigrations Appeals (BIA) summarily affirming the Immigration Judge's order of removal and denial of applications for asylum and withholding of removal.

An alien must file his petition for review "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The 30–day filing deadline is jurisdictional. *Navarro–Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir.2003).

The 30–day filing deadline began to run in the instant case on Wednesday, February 22, 2006, when the BIA issued its decision and wrote to Khan's counsel at his address of record, transmitting to him a copy of the decision. The deadline expired on Friday, March 24, 2006. *See Karimian–Kaklaki v. INS*, 997 F.2d 108, 110–11 (5th Cir.1993). Khan's petition for review,

received and filed on March 27, 2006, was untimely. As such, this court lacks jurisdiction. *See id.* at 111–13; *Guirguis v. INS*, 993 F.2d 508, 509–10 (5th Cir.1993); *see also Navarro–Miranda*, 330 F.3d at 676.

DISMISSED FOR LACK OF JURISDICTION.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.